UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DAVID LOUIS WHITEHEAD | CIVIL ACTION NO. 12-cv-0399 |
| VERSUS | JUDGE HAIK |
| WHITE & CASE, LLP, ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

David Louis Whitehead ("Plaintiff"), a self-represented plaintiff, was the unsuccessful plaintiff in <u>Whitehead v. FedEx</u>, 10-cv-1120. Plaintiff alleged in that suit, which was removed from a Bossier Parish state court, that he was assaulted by a FedEx employee while he was a customer at a FedEx store in the District of Columbia. He alleged that FedEx destroyed the store's tape of the incident and conspired with its attorneys to deny Plaintiff information about the tape. Judge Foote dismissed the case for improper venue. <u>Whitehead v. FedEx Office Inc.</u>, 2010 WL 4103707 (W.D. La. 2010).

Judge Foote "recognize[d] that Plaintiff has a history of filing frivolous complaints and is in fact enjoined from filing suit in a court of proper venue." She cited a number of published decisions as evidence:

> See <u>Whitehead v. Paramount Pictures Corp.</u>, 2009 WL 1491402 (E.D. Va. May 26, 2009) (enjoining Plaintiff from filing any new civil actions in the Eastern District of Virginia without first seeking and obtaining leave of court); <u>Whitehead v. Viacom</u>, 233 F.Supp.2d 715 (D.Md.2002) (finding Plaintiff "is clearly a vexatious litigant" with "blatant disregard for this court and the judicial system as a whole"); <u>Whitehead v. Paramount Pictures Corp.</u>, 145

F.Supp.2d 3 (D.D.C. 2001) (ordering Plaintiff seek leave of Court before any filing of his be accepted by the Clerk of Court after finding he "has no regard for our judicial system or the drain on its resources caused by his actions"); Whitehead v. Wickham, 2005 WL 2874975 (D.C. Super., Sept. 6, 2005) (enjoining Plaintiff from filing any new cases without leave of court after recognizing his "long history of filing vexation, harassing, and duplicative lawsuits in the District and throughout the country."). Plaintiff is cautioned that sanctions may ensue if he files further frivolous pleadings in this action.

Plaintiff's complaints in those earlier cases typically alleged that movie studios or publishers stole his ideas for use in films or publications, or that public officials are engaged in wide ranging conspiracies directed at him. He has sought bizarre relief such as an injunction against the confirmation of Justice Sotomayor[1], and he filed almost 100 motions in one case.[2] One judge wrote that Plaintiff's self-proclaimed purpose for bringing multiple copyright lawsuits was to extract nuisance settlements and that Plaintiff intended to continue a barrage of motions and force the defendants to incur substantial legal fees until litigation became so expensive that they would pay him to go away. Whitehead v. Paramount Pictures, 145 F.Supp.2d at 5.

Plaintiff's complaint in this case is 145 pages long, supported by more than 300 pages of exhibits, and it names more than 60 defendants. Plaintiff has also filed a number of lengthy "affidavits" in alleged support of his complaint. Plaintiff paid the $350 filing fee, and summonses have been issued that he could serve on the many defendants. It is recommended that, before those unfortunate defendants are required to defend themselves

---

[1] Whitehead v. Paramount Pictures, Inc., 366 Fed. Appx. 457 (4th Cir. 2010).

[2] Whitehead, 2009 WL 1491402 at *3.

in this patently frivolous lawsuit, the complaint be dismissed. It is also recommended that Plaintiff be barred from filing any new complaints in this district without prior written approval of a district judge.

**Analysis**

### A. The Allegations

Plaintiff names as defendants approximately 35 judges and magistrate judges, a number of attorneys and law firms, the District of Columbia Federal Judicial Nomination Committee, the District of Columbia, the Democratic National Committee, and delegate Eleanor Holmes Norton. Other defendants include Apple Computer, Inc., Microsoft, Inc., officials at Howard and Georgetown universities, Harvard University, City Group, Bank of America, and other financial institutions. Another large group of defendants are from the entertainment industry and include Tom Cruise, Columbia Pictures, Inc., Walt Disney Company, Home Box Office, Mike Myers, Black Entertainment Television, Sean Combs, Tyler Perry, Mel Gibson, and USA Today opinion columnist Dewayne Wickham.

The judges are generally accused of massive, malicious misconduct, usually relating to rulings in prior actions that have been dismissed around the country. Plaintiff does not name Judge Foote as a defendant, but he alleges that she is a material witness regarding fraud in his FedEx case. Part of the alleged wrongdoing in Plaintiff's past litigation is attributed to a conspiracy between "unnamed defendant" President Clinton and Hollywood celebrities such as Tom Cruise and David Geffen. The lengthy allegations about the alleged judicial wrongdoing are simply incapable of meaningful summary. Suffice it to say that they are

bordering on unintelligible, and any rational person who reads that portion of the complaint will immediately come to the conclusion that the writer is either mentally ill or, as suggested in a prior suit, intentionally drafting a complaint that is as vexatious and burdensome as possible in an effort to extract a financial settlement.

Plaintiff alleges that "Unnamed President George W. Bush" retaliated against him for writing his college paper on the Persian Gulf War. Plaintiff also claims to have penned a play, "The Big Bad Wolf v. Ms. Little Red Riding Hood - The Mike Tyson Story," which somehow led to retaliation by President Bush, who appointed judges and other government officials who rejected Plaintiff's many judicial and administrative complaints. Plaintiff alleges that his play is the basis for the majority of Tyler Perry's successful films, and the "same plot was used for James Cameron's film 'Titanic' characters, with Jack, Rose, Cal, and Rose's Mother, for Mike Tyson, Robin, and her mother."

Plaintiff alleges in paragraph after paragraph that various officials at universities, corporations, and government agencies have various conflicts of interest based on stock holdings, personal relationships, campaign contributions, or the like, all of which have somehow violated Plaintiff's civil rights. Many of the allegations go back several years, beyond any possibly applicable statute of limitations. For example, Plaintiff alleges that Howard University retaliated against him in 1990 – 22 years ago – because Plaintiff ran against Jessie Jackson for District of Columbia shadow senator. Plaintiff adds that the paper he wrote about the Persian Gulf War, while enrolled at Howard, was accessible by Time Warner's Dick Parsons and led to the film *Wag the Dog,* produced by Time Warner

subsidiary New Line Cinema. Defendant law firm White & Case is alleged to represent Time Warner, and the judge who granted summary judgment for Howard University in a lawsuit based on the above-alleged retaliation is said to be "connected to" White & Case. This is just one of the several conclusory assertions of such conspiracies and conflicts of interest that are found throughout the lengthy complaint.

Plaintiff alleges that Mike Myers and other entertainment industry defendants stole his script called "A New World" and used it to create the *Austin Powers* films. Plaintiff makes a similar allegation in one of his affidavits that Tom Cruise and other entertainment industry officials infringed on a book he wrote called "Brains, Sex & Racism in the CIA and the Escape" to create the *Mission Impossible* films.

### B. Authority to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a district court to dismiss a complaint for failure to state a claim upon which relief can be granted. "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this report and recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (*sua sponte* invocation of defense in report and recommendation satisfied due process).

Dismissal of a complaint under Rule 12(b)(6) is appropriate if it fails to plead "enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. V. Twombly,

127 S.Ct. 1955 (2007). The complaint must allege enough facts to move the claim "across the line from conceivable to plausible." Id. Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).

Rule 12(b)(6) does not ordinarily allow dismissal based on the mere fact that a judge does not believe a complainant's factual allegations. Dismissal has nonetheless been found appropriate when the well-pleaded facts were clearly baseless because they were fanciful, fantastic, or delusional. See e.g. Gallop v. Chaney, 642 F.3d 364 (2d Cir. 2011) (dismissing a complaint that set forth a fantastical alternative history of the September 11, 2011 terrorist attacks). Some courts have responded to such complaints by dismissing for lack of subject-matter jurisdiction under Rule 12(b)(1) when the allegations in a complaint are absolutely devoid of merit, wholly insubstantial, obviously frivolous, or no longer open to discussion. See Degrazia v. F.B.I., 316 Fed. Appx. 172 (3d Cir. 2009) (dismissing case based on "fantastic scenarios lacking any arguable factual basis").

Courts often employ 28 U.S.C. § 1915 to review and dismiss complaints filed *in forma pauperis* if they are frivolous, malicious, or fail to state a claim on which relief can be granted. Plaintiff is not proceeding *in forma pauperis*, and he has paid the $350 filing fee. That payment does not preclude dismissal. District courts "have the inherent authority to dismiss a *pro se* litigant's frivolous or malicious complaint *sua sponte* even when the plaintiff has paid the requiring filing fee." Pope v. Mountcastle Mortg. Corp., 2011 WL 4986927 (N.D. Tex. 2011) (Boyle, J.), citing Fitzgerald v. First East Seventh Street Tenants,

221 F.3d 362, 363–64 (2d Cir. 2000) ("we hold that district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee").

### C. Dismissal is Warranted

This complaint warrants swift dismissal to avoid any further waste of the court's time or the incurring of attorney fees and expenses by the many defendants. Most or all of the defendants are entitled to judicial immunity or would have solid defenses based on improper venue, lack of personal jurisdiction, res judicata, limitations, and the like. But Plaintiff's allegations are so patently frivolous and vexatious that the defendants should not be required to respond to the complaint and litigate those defenses (which some defendants have already had to do in other jurisdictions).

### Sanctions; Pre-approval Requirement

Plaintiff's lengthy record of filing frivolous suits around the country also merits taking steps now to prevent him from further abusing the privilege of filing civil suits in this court. The judges and staff of the court and clerk's office have already spent numerous hours in connection with Plaintiff's two civil actions that he has filed in this court thus far, both of which were substantively or procedurally frivolous. Allowing Plaintiff to continue to consume the resources of the court and the community with frivolous filings delays justice for citizens who have legitimate business before the court and does not promote the interests of justice. A sanction adequate to deter such wasteful abuse is in order.

A court "may structure sanctions necessary or warranted to control its docket and maintain the orderly administration of justice." Goldgar v. Office of Administration, 26 F.3d

32, 36 n. 3 (5th Cir. 1994). Among the available sanctions is a requirement that a litigant "obtain judicial pre-approval of all future filings" or a prohibition against *in forma pauperis* actions without a certification of good faith from the court. Id.; and Prewitt v. Alexander, 173 F.R.D. 438, 442-44 (N.D. Miss. 1996). As noted above, similar requirements have been put in place for Plaintiff in a number of federal courts.

Judges in the Shreveport division have occasionally ordered such sanctions when they were found to be the only way to stop a persistent filer of frivolous litigation. See, e.g. Raz v. Storey, 99 CV 1850, Doc. 282; Simmons v. Malone, 06 CV 200, Docs 12 and 19; Blackwell v. Overton Brooks Medical Center, 05 CV 415, Docs. 19 and 20; Johnson v. Graves, 07 CV 0221, Docs. 5 and 7, and Felknor v. Felknor, 10 CV 1020, Docs. 4 and 7. The sanctions order in each of those cases ended a string of frivolous actions filed by a pro se plaintiff that had needlessly wasted hundreds of hours of work by judges, deputy clerks of court, and chambers employees.

Plaintiff was not deterred by earlier warnings by Judge Foote and other judges against frivolous filings, and he has an incredible track record of filing similar, frivolous actions around the country. He will almost certainly continue to file additional frivolous actions in this court absent strong preventative measures. The undersigned ordinarily does not recommend such a sanction until a plaintiff has filed a number of frivolous actions with this court, but this plaintiff's demonstrations thus far in just two actions and his extraordinary history of filings in other courts warrant action now.

The court should order that the clerk of court not file any civil complaints submitted by Plaintiff unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. Any motion to proceed *in forma pauperis* that accompanies such a complaint must also be directed to a district judge for action. These measures, successful in similar cases of abusive filings, will protect the resources of the judiciary and the public without unduly burdening Plaintiff's ability to access the courts if he should ever have a good-faith complaint worthy of the expenditure of such resources. There is no reasonable basis to believe that a less harsh sanction will have an adequate deterrent effect.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed** for failure to state a claim on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be ordered to decline to file any civil complaint submitted by David Louis Whitehead unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. It is also recommended that any motion to proceed *in forma pauperis* that accompanies such a complaint be referred to a district judge for action.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of April, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE